UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA,
                Plaintiff

VERSUS                                        CIVIL ACTION NO. 3:16-CV-136

TWELVE THOUSAND, EIGHT
HUNDRED FOUR DOLLARS
AND 25/100 IN UNITED STATES
CURRENCY,
                Defendant

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW INTO COURT COMES Plaintiff, United States of America, by and through undersigned counsel, who allege the following:

## NATURE OF THE ACTION

This is a civil action in rem brought to forfeit and condemn to the United States Twelve Thousand, Eight Hundred Four Dollars and 25/100 ($12,804.25) (the "defendant property") in United States currency, representing monies furnished or intended to be furnished by any person in exchange for a controlled substance, or are proceeds traceable to such an exchange, or are moneys used or intended to be used to facilitate a drug offense, in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

## JURISDICTION AND VENUE

Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular

action under 21 U.S.C. § 881(a)(6).

This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the United States will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(b) & (c).

Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district, pursuant to 28 U.S.C. § 1395.

## THE DEFENDANT IN REM

The defendant property consists of Twelve Thousand, Eight Hundred Four Dollars and 25/100 ($12,804.25) in United States currency.

## FACTS

On September 2, 2015, at approximately 2:45 p.m., a federal task force, acting on information provided by a confidential source that Jaworski Sanders ("Sanders") was in possession of a quantity of narcotics, established surveillance in the vicinity of Greenmoss and Airline Hwy. The vehicle driven by Sanders was spotted in that area and task force officers and the Baton Rouge City Police Criminal Patrol Team conducted a traffic stop on a black Honda Accord, bearing Louisiana license plate ZID144, registered to and driven by, Sanders. During the traffic stop, uniform patrol officers made contact with Sanders and observed in plain view a plastic bag containing approximately 21 Xanax tablets. After being placed under arrest, Sanders was found to have $12,804.25 in US currency in his pants pocket. In addition, task force agent William Johnson, Joshua Gonzales and Kenneth Brewer found and seized approximately two ounces of cocaine that Sanders had concealed in his underwear.

A check by officers verified that Sanders had no reported income for the 2015 year based

on Department of Labor records.

It is believed that the currency found and seized from Sanders was drug proceeds or were funds used or intended to be used to facilitate a drug offense, and are forfeitable pursuant to 21 U.S.C. § 881(a)(6).

## LAW

18 U.S.C. § 841(a) provides that it shall be unlawful for any person knowingly or intentionally —

1) To manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;

21 U.S.C. § 881(a)(6) provides that the following shall be subject to forfeiture to the United States—

(6) All monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

## BASIS FOR FORFEITURE

The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it represents monies, negotiable instruments and other things of value furnished and intended to be furnished in exchange for a controlled substance, or money used or intended to be used to facilitate any drug offense, in violation of 21 U.S.C. § 841.

## CLAIM FOR RELIEF

By reason of the facts set forth and incorporated herein, the defendant property should be properly condemned and forfeited to the United States of America pursuant to 18 U.S.C. § 881(a)(6).

WHEREFORE, the plaintiff requests that the Court issue a warrant and summons for the

arrest and seizure of the defendant property; that notice of this action be given to all persons known or thought to have an interest in or right against the defendant property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court award the plaintiff such other and further relief as this Court deems proper and just.

UNITED STATES OF AMERICA, by

J. WALTER GREEN
UNITED STATES ATTORNEY

/s/ James P. Thompson
James P. Thompson, LBN 21090
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: jay.thompson@usdoj.gov

4

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA,
          Plaintiff

VERSUS                                CIVIL ACTION NO.   3:16-CV-136

TWELVE THOUSAND, EIGHT
HUNDRED FOUR DOLLARS
AND 25/100 IN UNITED STATES
CURRENCY,
          *Defendant*

### VERIFICATION

I, Task Force Officer, Kenneth Brewer, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint In Rem and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except that those matters not within my own personal knowledge are alleged on information and belief, and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with other officers, as a Special Agent of the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this 29 day of February, 2016.

                                                    KENNETH BREWER
                                                    Task Force Officer, DEA